**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2825-20

FELICIA ROBIN ZWEBNER,

    Plaintiff-Appellant,

v.

MARC ZWEBNER,

    Defendant-Respondent.

_____

Submitted September 14, 2022 – Decided September 22, 2022

Before Judges Gooden Brown and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-1545-16.

Shapiro, Croland, Reiser, Apfel & Di Iorio, LLP, attorneys for appellant (David Torchin and Megan E. Hodes, on the briefs).

Einhorn, Barbarito, Frost & Botwinick, PC, attorneys for respondent (Stephen P. Haller, of counsel and on the brief; Jennie L. Osborne, on the brief).

PER CURIAM

In this post-judgment matter, plaintiff Felicia Zwebner appeals from two April 30, 2021 orders denying her requests for defendant Marc Zwebner's year-end and/or bonus paystubs; for sanctions; for monthly alimony to be paid through probation; for interest to be applied to past due alimony payments, and for counsel fees and costs. We affirm.

I.

We discern the following facts from the record. The parties were married in 1992 and had four children from the marriage. In September 2017, the parties divorced by way of a Dual Judgment of Divorce. The Dual Judgment of Divorce incorporated the parties' Marital Settlement Agreement (MSA), which was reached while both parties were represented by counsel.

With respect to alimony, defendant was required to pay plaintiff monthly alimony of $3,055.55 via electronic fund transfer (EFT) no later than the seventh day of the month. Additionally, within seven days of receiving an annual bonus, defendant "shall also pay additional alimony, on an annual basis" in the amount of thirty-three and one-third percent of that bonus "up to a total pretax gross annual earned income . . . cap of $3,000,000[] per year." The MSA stated that if defendant pays plaintiff less than the maximum amount in alimony owed to her, "he shall be obligated to provide [plaintiff] with his Form W-2, and any

other official document revealing his gross earned income including his K-l's and a schedule (if any) prepared by the Fund's inhouse or outside accountant. [Defendant] shall not be obligated to provide his tax return." In every year that plaintiff claimed entitlement to alimony, she was required to provide "the appropriate forms reflecting her pretax earned income from personal services (examples include: Schedule C of her 1040, LLC, LLP, Subchapter S or C-Corporation[,] tax returns, W-2, K-1, 1099 and last paystub, etc.). [Plaintiff] shall not be required to provide her form 1040 tax return."

The parties also agreed that defendant "shall be obligated to maintain, for the benefit of [plaintiff] and only for the period of time that [defendant] is obligated to pay alimony to [plaintiff], life insurance on his life having a death benefit of $3,500,000[]." In addition, defendant "shall be obligated to maintain, for the benefit of the parties' children, life insurance . . . in the total amount of $1,500,000[], naming the parties' four . . . children as equal [i]rrevocable [b]eneficiaries and naming [plaintiff] as [t]rustee."

The terms of the MSA required both parties to contribute to the children's expenses. Finally, "[s]hould either party fail substantially to abide by the terms of [the MSA], the defaulting party shall indemnify and hold harmless the other for all reasonable expenses and costs, including attorney's fees, incurred in

successfully enforcing [the MSA], which fees shall be determined by a [c]ourt of competent jurisdiction."

Following the divorce, the parties engaged in several post-judgment motions to enforce litigant's rights. On May 15, 2020, the judge entered an order to enforce the terms of the MSA. Pertinent to this appeal, the order: (1) granted plaintiff's request that defendant provide documents evidencing income by March 1 of each year and that failure to do so would result in a $100 per day sanction; (2) granted plaintiff's request that defendant be restrained and enjoined from taking offsets against any obligation owed by defendant to plaintiff for alimony; (3) found plaintiff in violation of litigant's rights for failure to make payment for some of the children's expenses; (4) required the parties to provide proof of life insurance, along with beneficiary/custodian designation, on an annual basis on or before July 1 of each year; (5) denied plaintiff's request that defendant pay alimony via wage garnishment without prejudice; and, (6) denied plaintiff's application for attorney's fees.

On June 19, 2020, defendant provided proof of life insurance, showing that defendant named his estate as a beneficiary in violation of the MSA. Defendant provided a second insurance policy naming the children as

beneficiaries of $1,500,000 in life insurance but failing to name plaintiff as trustee.

On January 26, 2021, plaintiff filed another application seeking the following relief: (1) directing defendant to immediately provide plaintiff a copy of his final paycheck for 2020; (2) directing defendant to pay his additional alimony obligation; (3) directing defendant to provide plaintiff his year-end paycheck each year prospectively no later than January 5th of the following year; (4) sanctioning defendant $100 per day for each day past January 5th that he is delinquent in providing plaintiff his year-end paycheck; (5) directing defendant to pay his base alimony obligation of $705.13 per week ($36,666.67 per year) by wage garnishment through Bergen County Probation; (6) directing defendant to provide plaintiff with proof of his life insurance policy per Article XIII of their MSA within seven days; (7) sanctioning defendant $100 per day for each day that he is delinquent in providing proof of life insurance policy; and, (8) counsel fees and costs.

On March 4, 2021, defendant filed a cross-motion that sought relief as follows: (1) denying all relief sought by the plaintiff; (2) finding plaintiff in violation of litigant's rights for her failure to make payment for certain of the children's expenses; (3) requiring plaintiff to provide full income information;

(4) permitting defendant to offset plaintiff's delinquent payments for the children's expenses against any additional alimony due from defendant to plaintiff; (5) for counsel fees and costs; and, (6) sanctioning plaintiff.

On March 9, 2021, while the initial motion was still pending, plaintiff filed a second motion. The second motion requested the following relief: (1) finding defendant in violation of litigant's rights for failure to abide by the provisions of the parties' MSA and the previous May 15, 2020 order regarding the payment of additional alimony; (2) directing defendant to immediately pay plaintiff additional alimony for 2020 of $99,999.97; (3) directing defendant to provide his paystubs in 2020 showing when he received additional distributions and directing defendant to pay plaintiff interest of three and a half percent on additional alimony due from seven days after receipt of such funds through the date of payment; and, (4) for counsel fees and costs.

On March 11, 2021, plaintiff replied to defendant's first cross-motion. In her reply, she attached proof of defendant's late alimony payments from February 2019 to March 2021, indicating eleven times where defendant paid alimony after the seventh day of the month.

On April 15, 2021, defendant filed an opposition and cross-motion to plaintiff's second motion and requested the following relief: (1) denying all

relief sought by the plaintiff; (2) finding plaintiff in violation of litigant's rights for her failure to make disclosure of her income details for 2020 as required by the parties' MSA; (3) for counsel fees and costs; and, (4) sanctioning plaintiff. Plaintiff replied to defendant's second cross-motion on April 21, 2021.

On April 30, 2021, after a hearing, the judge issued two orders. In the first order, the judge granted plaintiff's request to direct defendant to pay plaintiff additional alimony, granted plaintiff's request to direct defendant to provide plaintiff with proof of a compliant life insurance policy on or before July 1, 2021, granted defendant's request to require plaintiff to provide full income information, and denied the remainder of the parties' requests. In the second order, the judge granted plaintiff's request to find defendant in violation of litigant's rights for failure to abide by the provisions of the parties' MSA and the May 15, 2020 order regarding the payment of additional alimony, granted plaintiff's request to be paid additional alimony in the amount of $41,980.30,[1] and denied the remainder of the parties' requests. This appeal followed.

On appeal, plaintiff presents the following arguments for our consideration:

---

[1] During the motion hearing, defense counsel stated defendant had paid part of his alimony and that the outstanding amount for additional alimony was actually $41,980.30.

POINT I

STANDARD OF REVIEW ON APPEAL: ABUSE OF DISCRE[]TION.

POINT II

THE LOWER COURT IMPROPERLY RULED THAT DEFENDANT'S FINAL PAYCHECK DOES NOT CONSTITUTE AN OFFICIAL DOCUMENT REVEALING HIS GROSS EARNED INCOME.

    A.  THE COURT ERRED WHEN IT DID NOT IMPLEMENT THE MUTUAL INTENT OF THE PARTIES.

    B.  THE COURT ERRED BY IGNORING DEFENDANT'S ADMISSION OF RECEIPT OF INCOME THAT OCCURRED "MID-YEAR" AND "LATER IN THE YEAR."

    C.  THE TRIAL COURT MISAPPLIED THE HOLDING IN QUINN V. QUINN.

POINT III

THE LOWER COURT ABUSED ITS DIS[C]RETION BY NOT SANCTIONING DEFENDANT FOR HIS LACK OF COMPLIANCE WITH PRIOR COURT ORDERS AND THE PARTIES' MSA.

POINT IV

THE LOWER COURT ABUSED ITS DISCRETION BY NOT GRANTING PLAINTIFF'S REQUEST THAT MONTHLY ALIMONY BE PAID THROUGH PROBATION VIA WAGE GARNISHMENT.

A-2825-20

POINT V

THE COURT ABUSE[D] ITS DISCRETION IN NOT
ASSESSING INTEREST AGAINST DEFENDANT'S
OUTSTANDING ALIMONY OBLIGATION.

POINT VI

THE LO[]WER COURT ABUSED ITS DISCRETION
BY NOT AWARDING PLAINTIFF COUNSEL FEES.

A. THE TRIAL COURT IMPROPERLY
IGNORED THE FEE-SHIFTING
CLAUSE OF THE PARTIES'
AGREEMENT.

B. THE TRIAL COURT'S ANALYSIS
SUPPORTS A COUNSEL FEE AWARD
FOR THE PLAINTIFF PURSUANT TO
R[ULE] 5:3-5(C).

POINT VII

THE APPELLATE DIVISION SHOULD EXERCISE
ORIGINAL JURISDICTION OR THE MATTER
SHOULD BE REM[A]NDED TO A DIFFERENT
TRIAL JUDGE.

II.

Our review of Family Part orders is limited. Cesare v. Cesare, 154 N.J.

394, 411 (1998). We typically accord deference to the Family Part judges due

to their "special jurisdiction and expertise in family matters." Id. at 413. The

judge's findings are binding so long as they are "supported by adequate,

substantial, credible evidence." Id. at 412. (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). Thus, we will not "disturb the 'factual findings and legal conclusions of the trial judge unless [we are] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Ibid. (quoting Rova Farms, 65 N.J. at 484). We review de novo "the trial judge's legal conclusions, and the application of those conclusions to the facts." Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015) (quoting Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)).

## III.

We first reject defendant's argument that the judge erred in his interpretation of the MSA by finding that it did not require defendant to produce his paystubs. Settlement agreements, including settlement agreements in matrimonial actions, are governed by basic contract principles and, as such, courts should discern and implement the parties' intent. J.B. v. W.B., 215 N.J. 305, 326 (2013). "At the same time, 'the law grants particular leniency to agreements made in the domestic arena,' thus allowing 'judges greater discretion when interpreting such agreements.'" Pacifico v. Pacifico, 190 N.J. 258, 266 (2007) (quoting Guglielmo v. Guglielmo, 253 N.J. Super. 531, 542 (App. Div.

1992)); see also Steele v. Steele, 467 N.J. Super. 414, 441 (App. Div. 2021) ("Divorce agreements are necessarily infused with equitable considerations and . . . are not governed solely by contract law."). "The court's role is to consider what is written in the context of the circumstances at the time of drafting and to apply a rational meaning in keeping with the 'expressed general purpose.'" Pacifico, 190 N.J. at 266 (quoting Atl. N. Airlines, Inc. v. Schwimmer, 12 N.J. 293, 302 (1953)).

The record supports the judge's finding that, unlike other forms of proof of defendant's income, paystubs were "not named specifically in the agreement." The record shows that the parties took great care to negotiate the MSA in which defendant's W-2s were specifically included and tax returns were specifically excluded. That paystubs could have been specifically referenced is evident by the fact that the parties included paystubs as an acceptable document reflecting plaintiff's earned income. While the catch-all phrase "any other official document revealing his gross earned income" could include paystubs, it does not mandate that defendant provide paystubs to the same degree that defendant is mandated to provide his W-2s. The judge reasoned that requiring defendant to provide his paystubs "would give . . . [p]laintiff a better position than what was negotiated because paystub[s] . . . [were] not negotiated." We find that

reasoning sound and, given the judge's "'discretion when interpreting [marital] agreements,'" Pacifico, 190 N.J. at 266 (quoting Guglielmo, 253 N.J. Super. at 542), we see no reason to disturb the judge's conclusion.

IV.

We also reject plaintiff's argument that the judge erred in declining to sanction defendant. "Rule 1:10-3 allows a court to enter an order to enforce litigant's rights commanding a disobedient party to comply with a prior order" or face sanctions. Milne v. Goldenberg, 428 N.J. Super. 184, 198 (App. Div. 2012). "Relief under R[ule] 1:10-3, whether it be the imposition of incarceration or a sanction, is not for the purpose of punishment, but as a coercive measure to facilitate the enforcement of the court order." Ridley v. Dennison, 298 N.J. Super. 373, 381 (App. Div. 1997); see also R. 5:3-7 (outlining remedies a Family Part judge may employ upon a finding of a violation of a judgment or order, including imposing sanctions). The court rules "provide various means for securing relief and allow for judicial discretion in fashioning relief to litigants when a party does not comply with a judgment or order." In re N.J.A.C. 5:96 & 5:97, 221 N.J. 1, 17-18 (2015).

Here, although defendant violated certain MSA and court-ordered requirements, those transgressions were not so severe as to warrant sanctions

and, in any event, plaintiff similarly violated some of her duties. Because the court rules "allow for judicial discretion in fashioning relief," In re N.J.A.C. 5:96 & 5:97, 221 N.J. at 17-18, we see no reason to disturb the judge's determination that sanctions were not required.

V.

We similarly reject plaintiff's argument that the judge erred in declining to order that monthly alimony be paid through probation via wage garnishment. N.J.S.A. 2A:17-56.13 provides, "in every award for alimony, maintenance or child support payment, the judgment or order shall provide that payments be made through the Probation Division of the county in which the obligor resides, unless the court, for good cause shown, otherwise orders." Further, pursuant to Rule 5:7-4(b), "[a]limony . . . payments not presently administered by the Probation Division shall be so made on application of either party to the court unless the other party, on application to the court, shows good cause to the contrary." Matters concerning the enforcement and collection of alimony are committed to the sound discretion of the trial court. In re Rogiers, 396 N.J. Super. 317, 327 (App. Div. 2007).

In this case, the MSA never contemplated that defendant pay alimony through probation. Instead, the parties agreed that defendant would pay alimony

through EFT. Although defendant sometimes paid alimony late, he never completely failed to pay alimony for any given month. In fact, between the period of February 2019 to March 2021, defendant paid alimony on time more often than not. The judge's determination that there was a "certain lack of proof" warranting probation and concern for the "ran[cor] between [the] parties," was based on his careful review of the case, and we discern no abuse of discretion.

## VI.

We find equally unavailing plaintiff's argument that the judge erred in not assessing interest against defendant's outstanding alimony obligation. Rule 5:7-5(a) states, "[f]or past-due alimony . . . payments . . ., the court may . . . assess a late interest charge against the adverse party at the rate prescribed by Rule 4:42-11(a)." The award of interest is discretionary. Clarke v. Clarke ex rel. Costine, 359 N.J. Super. 562, 571-72 (App. Div. 2003). As there is nothing in the MSA that contemplates interest on late payments, any award of interest is left to the trial judge's discretion. Based on a review of the record, there is no evidence to suggest the judge abused his discretion.

## VII.

Finally, we reject plaintiff's argument that she is entitled to attorney's fees. Although New Jersey generally disfavors the shifting of attorney's fees, a

A-2825-20

prevailing party may recover attorney's fees if expressly provided by statute, court rule, or contract. Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 440 (2001). Pursuant to Rule 5:3-5(c), attorney's fees may be awarded in a family action. See R. 4:42-9(a)(1). Under Rule 5:3-5(c),

> [i]n determining the amount of the fee award, the court should consider, . . . the following factors: (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and[,] (9) any other factor bearing on the fairness of an award.

"An allowance for counsel fees and costs in a family action is discretionary." Eaton v. Grau, 368 N.J. Super. 215, 225 (App. Div. 2004). Fee determinations should be disturbed only where there has been a clear abuse of discretion. Giarusso v. Giarusso, 455 N.J. Super. 42, 51 (App. Div. 2018).

In this case, plaintiff failed to show that the judge abused his discretion in declining to award attorney's fees. Although the parties' MSA does allow for attorney's fees "incurred in successfully enforcing [the MSA]," the judge noted that both parties violated certain terms of the agreement and neither party

enjoyed unqualified success. The judge considered the appropriate factors under Rule 5:3-5(c), and our review of the record reveals that the judge's findings were supported by adequate, substantial, and credible evidence demonstrating that the parties are capable of paying their fees; that the parties actively and aggressively sought sanctions while failing to abide by the MSA; and, that both parties were only partially successful in their claims.

Plaintiff's remaining arguments requesting us to exercise original jurisdiction or remand the matter to a different judge lack sufficient merit to warrant discussion in a written opinion. R. 2:1-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

16